```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| PEDIAMED PHARMACEUTICALS, INC. | : |
|  | : |
| v. | : Civil Action No. DKC 2003-3443 |
|  | : |
| BRECKENRIDGE PHARMACEUTICAL, INC., et al. | : |

**MEMORANDUM OPINION**

Presently pending in this trademark infringement case are (1) a motion to quash depositions, (2) a motion to compel production of documents, (3) a motion to reopen discovery, and (4) a motion to continue consideration of a motion for partial summary judgment.  This suit involves Plaintiff's contention that Defendants, Breckenridge Pharmaceuticals, Inc. and Scientific Laboratories, Inc. are improperly distributing V-Tann as generic equivalent to Plaintiff's children's cough and cold medicine, Viravan Suspension.

**I.  Motion to Quash Depositions** (paper 52).

Plaintiff initially moved to quash notices of depositions for Thomas Jennings, David Tousley, Michael Speidel, Dr. Cameron Durrant, and Dr. Jon Bruss.[1]  At a conference call with the court, it was determined that Ms. Karla Worley-Ham and Mr. David Tousley would be produced for deposition at an appropriately

---

[1] The timing question is moot.

convenient time and place. Defendants have since withdrawn their desire to depose Michael Speidel, but added John Anderson. The issue primarily is whether these witnesses have sufficient personal knowledge of the matters in dispute to justify taking their depositions, given the stage of the litigation.

Defendants assert that the need to depose the witnesses still in dispute arises from the failure of PediaMed's corporate designee, Martin P. Manco, to be sufficiently knowledgeable about the areas of inquiry designated in the notice of 30(b)(6) deposition. Some of the witnesses are also said to have knowledge of the redaction process concerning the documents produced and whether all responsive documents have been provided. Defendants claim that the need to depose the remaining witnesses only became apparent during the corporate depositions.

PediaMed replies, inter alia, that John Anderson, PediaMed's complaint coordinator never before mentioned and no notice ever served. Furthermore, PediaMed disputes the assertion that its 30(b)(6) designee lacked knowledge. Finally, Plaintiff remarks that it had agreed to produce witnesses who will address the areas of perceived deficiency.

Defendants contend that Mr. Anderson was identified by Mr. Manco as the person who receives incoming complaints regarding

Viravan.  Defendants want to ask him if all documents have been produced and assert that his name was inadvertently not mentioned during conference call with court.  His deposition will take a few hours at most at Mr. Anderson's place of employment, Plaintiff's office.

The court sees no justification for deposing Mr. Anderson.  The document requests are addressed to the corporation and it is responsible for making sure that all relevant documents are produced.  Unless Defendants have good cause to question whether Plaintiff has met that burden, it is not necessary to ask another witness to verify that all documents were produced.

Dr. Jon Bruss is the current chief medical officer, identified by Mr. Manco as the person who determines when a New Drug Application should be filed with the FDA.  Defendants contend that Plaintiff alleges that V-Tann is not the generic equivalent of Viravan according to the "orange book" promulgated by the FDA.  The FDA only lists equivalents for drugs for which a NDA has been filed, so Defendants want to ask Dr. Bruss why or why not an NDA is required for Viravan, and if required, why one has not been filed.  This deposition, also, will take only a few hours at most.   Dr. Cameron Durrant, PediaMed's current president, and Mr. Thomas Jennings, PediaMed's interim

3

president, both served as President of PediaMed during the time of sale of the subject products and both are believed to have personal knowledge of facts alleged in the complaint and control over whether an NDA is filed.  Also, they may have information as to whether all requested documents been produced.

Plaintiff states that neither Viravan nor V-Tann are the subject of NDAs.  Mr. Manco testified that Viravan is in a classification that allows it to be marketed without the necessity of an NDA or supporting clinical studies.  In the absence of an NDA, Viravan's compliance with FDA standards is not supervised by the Chief Medical Officer, but rather by the Manager of Regulatory Affairs, Karla Worley-Ham, who has been deposed.  Plaintiff also asserts that Mr. Jennings only helped prepare a powerpoint presentation given to investors, and that Mr. Manco, who has already been deposed, delivered the presentation.  Dr. Durrant was acting Chief Medical Officer before Dr. Bruss, and had ultimate authority to sign off on a price change.  He also, along with others, asked other employees about Viravan.

Thus, while Plaintiff has produced witnesses who completed the corporate designee deposition, Defendants have not justified

4

the need to depose the remaining four people and the motion to quash will be granted.

**II.   Motion to Compel** (papers 56 and 71).

On April 29, 2005, Plaintiff filed a motion to compel Defendants to produce documents.  Defendants filed an opposition on June 3, 2005, but no reply has been received.  This motion appears to have been filed in violation of federal and local rules.  It seeks an order of court requiring Defendants to produce documents originally sought pursuant to a Request for Production sent February 13, 2004, and responded to some months ago.  Pursuant to Fed. R. Civ. P. 37, a party dissatisfied with the response of another party to document requests is to file a motion to compel. Under the local rules of this court, a party dissatisfied with a response (not with another party's total failure to respond) is to prepare and serve a motion to compel, within thirty days of the party's receipt of the response, but the motion is not filed with the court at that time.  Local Rule 104.8.a.   Instead, the parties continue to exchange memoranda and then must meet to try to resolve the dispute.  Only then, if the parties are unable to resolve the entire dispute, does the moving party notify the court, by filing the motion papers along

with a certificate of the efforts made to resolve the dispute without court intervention.

Plaintiff did not follow this procedure and accordingly, the motion to compel further production of documents IS DENIED.

**III. and IV.  Motions to Reopen Discovery and to Continue Motion for Partial Summary Judgment**.

On June 14, 2005, Plaintiff filed a motion for partial summary judgment, seeking partial judgment on the issue of liability under the Lanham Act.  Specifically, PediaMed contends that it is entitled to a ruling that Breckenridge is liable to it because it made two literally false claims regarding V-Tann: that V-Tann contained 12.5 mg of phenylephrine tannate and 30 mg of pyrilamine tannage per 5 Ml and that V-Tann was equivalent to Viravan.  Defendants now seek to postpone consideration of that motion while they conduct additional discovery.  Plaintiff, not surprisingly, opposes the requests.

Defendants contend that Plaintiff's motion relies on the assertion that Kiel Laboratories, Inc., the manufacturer of Plaintiff's product, uses manufacturing methods that conform with Current Good Manufacturing Practices and that SLI's practices do not, citing to counsel's own declaration, but not to any portion of the complaint or the motion.  Defendants then

6

contend that action taken on June 14, 2005, stopping the manufacturer from producing "drug products" justifies additional discovery, from the former manufacturer (Kiel) and from the presumed replacement (ANI).

Plaintiff responds that Defendants' alleged need to reopen discovery is premised on an erroneous assertion that Defendant's V-Tann is manufactured using substandard methods and ingredients, that the discovery sought is irrelevant because whatever manufacturing problems were found at Kiel have nothing to do with Viravan, and that Ms. Worley-Ham testified only that PediaMed was considering transferring manufacturing to ANI, but no decision had been made.

Defendants take issue with Plaintiff's arguments, arguing again that the discovery is indeed relevant to Plaintiff's claims.

Defendants have not, in the moving papers, established that, under Fed.R.Civ.P. 56 (f), they cannot present facts essential to their opposition.  Instead, they appear to argue that they may be able to provide more facts if they are allowed to pursue this discovery.  That request will be denied and Defendants should present whatever evidence they have with which to oppose the pending motion.  It also seems prudent to deny the motion to

reopen discovery at this time, at least until the court has had a fuller opportunity to review the moving papers on the motion for summary judgment. At present, Defendants have not established the need for the discovery, or the justification for allowing discovery to be reopened.

A separate order will be entered.

                                                           /s/
                                DEBORAH K. CHASANOW
                                United States District Judge

July 27, 2005