IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEDIAMED PHARMACEUTICALS, INC.      :

                                 :

   v.                        : Civil Action No. DKC 2003-3443

                                 :

BRECKENRIDGE PHARMACEUTICAL,
INC., et al.              :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this Lanham Act unfair competition case are renewed motions to file exhibits under seal filed by Plaintiff PediaMed Pharmaceuticals, Inc. (paper 128), and Defendants Breckenridge Pharmaceutical, Inc., and Scientific Laboratories, Inc. (paper 131). The issue is briefed fully and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Plaintiff's and Defendants' motions to file exhibits under seal.

Plaintiff and Defendants previously filed seven motions under Local Rule 105.11 to seal exhibits. (Papers 73, 79, 93, 99, 101, 109, 112). The court denied the motions because they did not comply with Local Rule 105.11, but gave leave to renew the motions with memoranda that comply with Rule 105.11.[1] (Papers 125, 126).

---

[1] Rule 105.11 provides:

      Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed
                               (continued...)

The court further held that the exhibits would remain temporarily under seal, and if Plaintiff and Defendants did not renew their motions, the exhibits would be unsealed.  Plaintiffs and Defendants have now renewed their motions.

There is a well-established common law right to inspect and copy judicial records and documents.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978).  If the public's right of access is outweighed by competing interests, however, the trial court may, in its discretion, seal those documents from the public's view.  *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Plaintiff seeks to seal the following exhibits:

> Paper 72, ex. 4 (deposition of Greg H. Thomas), ex. 6 (PediaMed Pharmaceuticals, Inc. Viravan-S Accounts), ex. 13 (Laura Stamm expert report);

> Paper 98, ex. 7 (bill of lading), ex. 8 (packaging list and invoice for Viravan-S);

> Paper 100, ex. 5 (Kiel Laboratories batch record), ex. 7 (bill of lading), ex. 8

---

[1](...continued)
> reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections.  The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties.  Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court.  If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

(packaging list and invoice for Viravan-S); and

Paper 111, ex. E, (Kiel Laboratories batch record), ex. F (PediaMed Pharmaceuticals, Inc. and Kiel Laboratories Manufacturing Agreement).

Plaintiff states that these documents contain highly sensitive trade secret information regarding the formulation, composition, and preparation of Viravan-S, the product at issue in the present trademark dispute, or they contain highly sensitive trade secret information such as customer information, sales and pricing information, financial information, corporate and strategic planning information and/or information concerning internal business operations. (Paper 128, ex. 1, ¶¶ 3, 4, Manco decl., ex. 2, ¶ 3, Clark decl.). Plaintiff further states that it and Kiel Laboratories, which manufactures Viravan-S, employ efforts to maintain the secrecy of the these documents. (Paper 128, ex. 1, ¶ 5, Manco decl., ex. 2, ¶ 5, Clark decl.). Finally, Plaintiff asserts that there are no alternatives to sealing because competitors would still be able to acquire Plaintiff's confidential information. (Paper 128, ex. 1, ¶ 6, Manco decl., ex. 2, ¶ 6, Clark decl.).

Plaintiff's renewed motion to seal has been docketed and publicly available for at least a month, providing the requisite notice for submission of any potential opposition. The court has not received any objections to sealing the above materials, and

there does not appear to be any alternative to sealing these exhibits. The court agrees that the exhibits contain sensitive business information, or they involve information that is valuable to Plaintiff and Kiel Laboratories because the information therein is not generally known by other persons. Accordingly, Plaintiff's renewed motion to seal will be granted. *See Padco Advisors, Inc. v. Omdahl*, 179 F.Supp.2d 600, 614-15 (D.Md. 2002).

Defendants seek to seal the following exhibits:

> Paper 72, ex. 18 (certificate of analysis for V-Tann), ex. 19 (certificate of analysis for V-Tann), ex. 20 (certificate of analysis for V-Tann), ex. 21 (certificate of analysis for V-Tann), ex. 28 (V-Tann batch records), ex. 29 (V-Tann batch records), ex. 30 (V-Tann batch records), and ex. 31 (V-Tann batch records).

Defendants state that these documents contain highly sensitive trade secret information regarding the formulation, composition, and preparation of V-Tann, a product at issue in the present trademark dispute. (Paper 131, ex. 1, ¶ 3, Kim decl., ex. 2, ¶ 3, Roy decl.). Defendants further state that they employ efforts to maintain the secrecy of these documents, and that disclosure of these documents could cause great injury due to the proprietary nature of the information in the documents. (Paper 131, ex. 1, ¶¶ 5, 6, Kim decl., ex. 2, ¶¶ 5, 6, Roy decl.). Finally, Defendants assert that there are no alternatives to sealing because competitors would still be able to acquire Defendants' confidential

information.  (Paper 131, ex. 1, ¶ 7, Kim decl., ex. 2, ¶ 7, Roy decl.).

Defendants' renewed motion to seal has been docketed and publicly available for at least a month, providing the requisite notice for submission of any potential opposition.  The court has not received any objections to sealing the above materials and there does not appear to be any alternative to sealing these exhibits.  The exhibits contain information that could cause great economic injury to Defendants due to the proprietary nature of the information in the documents.  Accordingly, Defendants' renewed motion to seal will be granted.  *See Padco Advisors*, 179 F.Supp.2d at 614-15.

Finally, in their renewed motions, Plaintiff and Defendants did not seek to seal certain exhibits that were the subject of the earlier motions to file documents under seal.[2]  In their renewed motions, Plaintiff and Defendants have not sought to seal the following documents:

> Paper 72, ex. 11 (report of Norman A. Campbell), ex. 12 (report of Brian C. Reisetter), ex. 23 (report of Lane J. Brunner), ex. 27 (various Breckenridge

---

[2] The parties apparently believed that some of these documents would be the subject of a renewed motion to seal filed by the opposing party.  *See* (paper 128, ¶¶ 8, 9; paper 131, ¶¶ 8, 9). Because the motions to seal have been on file for more than a month and have been served on the opposing party, the court will presume that the parties have chosen not to renew their motion to seal with respect to these exhibits.

advertising materials), ex. 32, V-Tann promotion flyer;

Paper 77, ex. A (deposition of Karla Worley-Ham);

Paper 93, ex. 4 (packaging work order for Viravan-S), ex. 7 (pyrilamine impurity memo to batch);

Paper 98, ex. 6 (packaging work order for Viravan-S), ex. 9, (pyrilamine impurity memo to batch), ex. 16 (summary of assay results for Viravan-S), ex. 18 (deposition transcript of Karla Worley-Ham), ex. 20 (deposition transcript of Martin Manco);

Paper 100, ex. 6 (packaging work order for Viravan-S), ex. 9, (pyrilamine impurity memo to batch), ex. 16 (summary of assay results for Viravan-S), ex. 18 (deposition of Karla Worley-Ham), ex. 20 (deposition transcript of Martin Manco); and

Paper 108, ex. A (deposition of Karla Worley-Ham), ex. B (product technical review 2004), addendum A (addendum A regarding Viravan-S), addendum 1 (declaration of Michael Clark), addendum 1.A (compound test data), addendum 1.B (quality control test data; addendum 2 (certificate of analysis for Viravan-S), addendum 3 (Celsis Laboratory Group test data), addendum 4 (Encompass Pharmaceutical Services, Inc., test data); and

Paper 111, ex. ex. D (483 responses - documents produced at Greg Thomas' deposition).

Accordingly, those exhibits will be unsealed.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge